Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2371 | **DATE** | 9/14/2001 |
| **CASE TITLE** | Betty Dumas vs. Unicor Funding, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation recommending that the complaint be dismissed, with prejudice, by reason of plaintiff Betty J. Dumas' failure to comply with orders of this court, and by reason of her failure to comply with Federal Rules of Civil Procedure concerning discovery, this having a prejudicial effect upon the defendant in its ability to defend against the complaint. It is further recommended that all costs be awarded to defendant from plaintiff is hereby entered of record and submitted to Judge Gottschall. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 17 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 9/14/2001 date mailed notice | |
| HT ✓ | courtroom deputy's initials | 01 SEP 14 PM 2:15 Date/time received in central Clerk's Office | TH mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETTY J. DUMAS,<br><br>           Plaintiff,<br>vs.<br><br>UNICOR FUNDING, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)   Case No. 98 C 2371<br>)   Judge Gottschall<br>)   Magistrate Judge Bobrick<br>)<br>) |



DOCKETED
SEP 17 2001

TO: The Honorable Joan B. Gottschall
United States District Court Judge

### REPORT AND RECOMMENDATION OF
### EDWARD A. BOBRICK, MAGISTRATE JUDGE

Before the Court is defendant's THIRD MOTION OF UNICOR FUNDING, INC. FOR SANCTIONS. On September 6, 2001, we granted defendant's Third Motion for Sanctions, indicating that sanctions were appropriate. It is herewith recommended that the appropriate sanction in this matter is dismissal of the complaint with prejudice.

## I. BACKGROUND

On July 29, 1999, plaintiff filed an amended complaint in which she alleged violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq., the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq., and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505\2 et seq. Plaintiff alleged that Unicor denied her a home equity loan solely because she was black and/or because she lived in a predominantly black

56

neighborhood. Unicor denied plaintiff's allegations, maintaining it denied plaintiff a loan for legitimate business reasons, which included employment, financial, and home equity considerations. Pursuant to plaintiff's discovery requests, Unicor produced hundreds of pages of documents and responded to interrogatories. Plaintiff, on the other hand, failed to answer interrogatories properly and failed to produce documents as requested. On July 14, 2000, this Court granted defendant's motion to compel and directed plaintiff to produce all documents and to respond in writing to defendant's interrogatories with "full and complete answers." Plaintiff failed to comply with the Court's orders by not answering Interrogatories 5, 8, 9, 10, 11, 12 and 13 as directed. Additionally, plaintiff failed to cooperate at her deposition. On October 10, 2000, defendant filed its Third Motion for Sanctions. On September 6, 2001, this Court ordered that plaintiff be sanctioned for her continued failure to answer interrogatories and her failure to make full disclosures at her deposition.

As to plaintiff's deposition, taken June 27, 2001, she, without justification, refused to answer questions dealing with where she lived at the time she made her loan application. (Dumas Deposition pp. 7-8). When queried as to her employment over the past ten years, and in particular at the time she made application for the loan, her response was "Everything should be in the records. I have nothing to talk about on that." (Dumas Dep. p.12). When asked during the deposition, "Where were you employed in 1996?", her answer was, "I'm not going to answer." (Dumas Dep. p.12) When questioned on other

reported employment, she refused to respond to those inquiries (Dumas Dep. pp. 49, 52-53, 55). With respect to inquiries into her credit situation, she was completely evasive, refusing to give any information (Dumas Dep. pp.85-86, 88). When asked about the appraised value of her home, she would not respond to this inquiry (Dumas Dep. pp. 13, 45-46, 91-92). Finally, when questioned on the damages she allegedly sustained as a result of the denial of her loan application, she again refused to give any information, declining to answer the questions (Dumas Dep. pp. 82, 85).

Plaintiff's failure to disclose and provide this essential relevant information has deprived the defendant of its ability to adequately defend itself against the charges contained in plaintiff's lawsuit, which runs afoul of Fed. R. Civ. P. 37 and is sanctionable under Rule 37(b)(2). Defendant has unequivocally been prejudiced by plaintiff's continued and unjustified failure to cooperate in discovery and to disclose relevant information relating to plaintiff's claims.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide courts with specific authority to dismiss an action or any claim for failure to prosecute or failure to comply with an order of the court. Fed. R. Civ. P. 37(b)(2) and 41(b). Plaintiff has failed to comply with the Court's orders regarding the need to provide answers to legitimate discovery served upon her. This failure to comply with the Court's orders, coupled with her failure to respond to legitimate and relevant inquiry at her deposition, is significantly prejudicial to

3

defendant. Plaintiff has been warned of the consequences of continued non-compliance, all of which was to no avail. Accordingly, the complaint should be dismissed. *See Williams v. Chicago Board of Education*, 155 F.3d 853, 857-58 (7th Cir. 1998).

## CONCLUSION

For the foregoing reasons, it is hereby recommended that the complaint be dismissed, with prejudice, by reason of plaintiff Betty J. Dumas' failure to comply with orders of the court, and by reason of her failure to comply with Federal Rules of Civil Procedure concerning discovery, this having a prejudicial effect upon the defendant in its ability to defend against the complaint. It is further recommended that all costs be awarded to defendant from plaintiff.

Respectfully submitted,

*[signature]*

**Edward A. Bobrick**
**U.S. Magistrate Judge**

**DATE:** September 14, 2001

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. Fed.R.Civ.P. 72; *Thomas v. Arn*, 474 U.S. 140 (1985); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 330 (7th Cir. 1989).

Copies to:  Betty J. Dumas
3620 South Calumet Avenue
#2
Chicago, Illinois 60653-1104

Paul F. Markoff
Crowley Barrett & Karaba, Ltd.
20 South Clark Street
Suite 2310
Chicago, Illinois 60603

On September 14, 2001, a copy of this Report and Recommendation was mailed to each of the above-listed parties.

*Theresa Hammonds*
Theresa Hammonds
Courtroom Deputy